IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Michael Sumpter, | ) | C/A No.: 5:06-cv-01004-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| The United States of America | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the court is the defendant's partial motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. Pro. 12(b)(1). For reasons expressed more fully below, the defendant's motion is hereby granted.

The complaint in this case was filed on March 30, 2006, alleging the following causes of action: (1) violation of Fourth Amendment rights, (2) slander, (3) libel, and (4) false arrest. The action is based upon allegations that the plaintiff was mistakenly arrested by agents of the Bureau of Alcohol, Tobacco, and Firearms and that the United States published to newspapers that plaintiff had committed criminal acts. Respondent filed a partial motion to dismiss on August 4, 2006 on the basis that the Federal Tort Claims Act does not waive the government's sovereign immunity as to the claims raised in the plaintiff's first, second, and third causes of action. The plaintiff has not responded to this motion.

A motion to dismiss an action under Rule 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. A motion questioning subject matter jurisdiction must be considered before other challenges because the court must find it has jurisdiction before determining the validity of any claims brought before it. Evans v. B.F. Perkins Company, 166 F.3d 642, 647 (4th

Cir. 1999). "It is the duty of the Court to see to it that its jurisdiction is not exceeded; and this duty, when necessary, the Court should perform on its own motion." Spence v. Saunders, 792 F.Supp. 480, 482 (S.D.W.Va. 1992) (citation omitted).

The plaintiff failed to respond to the partial motion to dismiss in this case, which is sufficient grounds on which to grant the motion. However, the court has additionally reviewed the authorities cited by the defendant and finds them persuasive.

"It is well established that the United States may not be sued without its consent and that its consent must be unequivocably manifested in the text of a statute. . . Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of scope, in favor of the sovereign." Williams v United States, 242 F.3d 169, 172 (4th Cir. 2001), citing Lane v. Pena, 518 U.S. 187, 192 (1996).

As to the plaintiff's first cause of action under the Fourth Amendment, the United States has not waived its sovereign immunity to constitutional torts in the Federal Tort Claims Act, 28 U.S.C. § 1346. F.D.I.C. v. Meyer, 510 U.S. 471, 477 (1994); Williams v United States, 242 F.3d 169, 175 (4th Cir. 2001) (United States has not rendered itself liable in the FTCA for constitutional tort claims). Additionally, Plaintiff cannot proceed against the United States in a Bivens[1] action, in which federal agents may be sued.

As to the second and third causes of action for slander and libel, the FTCA specifically exempts claims of libel and slander from its coverage. 28 U.S.C. § 2680(h) ("The provisions of this chapter and section 1346(b) of this title shall not apply to . . . (h) [a]ny claim arising out of . . . libel, slander.").

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens action may be brought against federal officers, but no suit can be brought against the United States unless it consents.

Accordingly, the defendant's partial motion to dismiss for lack of subject matter jurisdiction is **GRANTED**. The plaintiff's first, second, and third causes of action shall be dismissed. The plaintiff shall be allowed to proceed only as to his fourth cause of action for false arrest.

**IT IS SO ORDERED.**

                                                 s/R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

March 9, 2007
Florence, South Carolina