UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Michael Sumpter, | ) | Civil Action No.: 5:06-cv-1004-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the court is Defendant United States of America's [Docket Entry #30]

motion for summary judgment.  For the reasons stated below, the court grants Defendant's

motion.

## **Background**

This case arises from the alleged mistaken arrest of Plaintiff Michael Sumpter by

agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) on April 15, 2003.

In August of 2001, ATF Special Agent Robert Horne began investigating a drug

trafficking organization known to use firearms in furtherance of its illegal activities. [Robert

Horne Affidavit, at ¶ 2, Docket Entry #30-4].  Because of the large number of suspects in the

case, additional agencies, including, local, state, and federal law enforcement agencies, began

assisting with the investigation. *Id.*  During the investigation, numerous drug traffickers sold

drugs to confidential informants. *Id.* at ¶ 3.

A Michael Sumpter who lived in Santee, South Carolina was one of the suspects who

sold cocaine to a confidential informant. *Id.* at ¶ 3. South Carolina Law Enforcement (SLED)

Special Agent Phillip Ardis, who was assisting with the case, asked the South Carolina

Department of Motor Vehicles (DMV) to send him a copy of the driver's license for Michael

Sumpter residing in Santee, South Carolina. *Id*. at ¶ 4. During the Spring of 2002, Ardis gave ATF Special Agent Robert Horne a copy of the driver's license he had received in response to his request to the DMV. *Id*.  A copy of the license was included in the arrest packet. *Id*. at ¶ 6.

On April 9, 2003, a criminal complaint was filed as to Michael Sumpter, and a warrant for his arrest was issued. *Id*. at ¶ 5.  On April 15, 2003, United States Marshals went to the address on the driver's license in the arrest packet in order to execute the arrest warrant against Michael Sumpter. *Id*. at ¶ 8. A female occupant told the marshals that Sumpter was at work at Electro Lux. *Id*.  The marshals were advised by the command post coordinating the numerous arrests related to the case that day that an ATF agent had a contact at Electro Lux, and that they would obtain the arrest packet from the marshals and execute the warrant. *Id*. ATF Agents Stacy Brown and Kevin Breuer then went to Electro Lux and met with the personnel manager. [Stacy Brown Affidavit, at ¶ 6, Docket Entry #30-5].  She brought Plaintiff Sumpter to the office and the agents arrested him and took him to the command post to be processed. *Id*. While Plaintiff was at the command post, one of the agents asked him where his Acura was located.  Plaintiff responded: "You guys have the wrong man, I don't have an Acura." [Robert Horne Affidavit, at ¶ 10, Docket Entry #30-4].  At that time, Orangeburg Deputy Sheriff Lynn Shire, who knew the criminal defendant Michael Sumpter confirmed that Plaintiff Michael Sumpter was not the same person named in the criminal complaint. *Id*. Assistant United States Attorney Alston Badger, Agent Horne, Herman Porter, the ATF Resident Agent in Charge, and ATF Agent Bill Spruce, who were at the command post, apologized to the Plaintiff.  ATF Special Agent Michael Loudermilk took Plaintiff back

to Electro Lux and apologized to the manager. *Id*. at ¶ 11. Later that day, agents arrested criminal defendant Michael Sumpter. *Id*. at ¶ 12. Plaintiff was in custody for approximately two to three hours.

On March 30, 2006, Plaintiff Michael Sumpter filed the Complaint in this case alleging that the United States violated his Fourth and Fourteenth Amendment rights by seizing him without probable cause (Compl. ¶11), that the United States slandered him (Compl. ¶¶ 13-15), that the United States committed libel against him (Compl. ¶¶ 17-19), and that the United States falsely arrested him (Compl. ¶ 21-23).  The United States filed a partial Motion to Dismiss Plaintiff's first three causes of action on August 4, 2006. The Court granted the motion on March 9, 2007, and the United States filed an Answer to the one remaining cause of action, false arrest, on March 19, 2007.  Thereafter, the United States filed the pending motion for summary judgment as to the remaining false arrest claim.

### **Summary Judgment Standard**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991).  The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party.

-3-

*Id*.  However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Id*., *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Summary judgment should only be granted in those cases where there is no issue of fact involved and inquiry into the facts is not necessary to clarify application of the law. *McKinney v. Board of Trustees Mayland Community College*, 955 F.2d 924 (4th Cir. 1992). A district court should not grant summary judgment "unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under the circumstances."  *Campbell v. Hewitt, Coleman & Assoc.*, 21 F.3d 52, 55 (4th Cir. 1994).

## Discussion

The court previously dismissed Plaintiff's claims for libel, slander, and violation of the Fourth Amendment for lack of subject matter jurisdiction. *See* [Order granting Motion to Dismiss, Docket Entry #10].  With regard to Plaintiff's Fourth Amendment claim, the court noted in its Order dismissing the claim that the United States has not waived its sovereign immunity for constitutional torts in the Federal Tort Claims Act. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994).  Although Plaintiff may proceed against the individual officers or agents, Plaintiff cannot proceed against the United States in a *Bivens* action. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Despite the court's previous ruling, in his response to the pending motion for summary judgment, Plaintiff characterizes his false arrest claim as a constitutional tort.  Plaintiff

-4-

references a "Fourth Amendment seizure under 42 U.S.C. § 1983." Plaintiff does not address the cognizability of his claim against the United States as opposed to the individual officers. Plaintiff simply argues that he was seized without probable cause and that questions of probable cause are ordinarily questions of fact for the jury. Plaintiff also argues that the arrest warrant was invalid because it contained false and misleading information. Specifically Plaintiff argues that the allegation that Plaintiff Michael Sumpter was involved in a drug ring was "false and misleading." Again, however, to the extent Plaintiff asserts a constitutional tort against the United States, such a claim is not cognizable and is due to be dismissed.

Plaintiff's claim also fails on the merits because "[t]he Fourth Amendment is not violated by an arrest based on probable cause, even if the wrong person is arrested." *Graham v. Connor*, 490 U.S. 386, 396 (1989). "When the police have probable cause to arrest one party, and when they reasonably mistake a second party for the first party, then the arrest of the second party is a valid arrest." *Hill v. California*, 401 U.S. 797, 802 (1971). Citing *Hill v. California*, 401 U.S. at 802-04, the Fourth Circuit Court of Appeals has stated that "[i]f the police have a valid arrest warrant for one person and they reasonably and in good faith arrest another, . . .the arrest of the 'wrong person' is proper." *United States v. McEachern*, 675 F.2d 618, 621 (4th Cir. 1982).

In this case, no one disputes that there was probable cause to arrest the criminal defendant Michael Sumpter, whose *activities* are described in the arrest warrant affidavit. Clearly, based on the activities described in the arrest warrant affidavit, there was probable cause to arrest the criminal defendant Michael Sumpter. The only remaining issue as to the lawfulness of Plaintiff Michael Sumpter's arrest is whether the ATF agents' mistaken arrest of

Plaintiff Michael Sumpter was reasonable and in good faith.

Plaintiff has failed to point to anything in the record that creates a genuine issue of material fact as to whether the ATF agents acted unreasonably or in bad faith.  The arresting ATF agents had been provided an arrest packet which contained a picture of Plaintiff Sumpter along with his identifying information.  Plaintiff Sumpter and the criminal defendant Michael Sumpter are both black males within four years of the same age, and have prior felony convictions.  While Plaintiff Sumpter and the criminal defendant Michael Sumpter had different addresses, both resided in Santee, South Carolina.  Because the agents had received information that the criminal defendant Sumpter had moved, the difference in addresses did not initially cause the agents concern.  Because there is no genuine issue of material fact as to whether the arresting agents acted unreasonably or in bad faith, Plaintiff cannot establish a Fourth Amendment violation and summary judgment is due to be granted.

Although it does not appear from his response, to the extent Plaintiff intended to bring a state law claim based on false imprisonment or false arrest, Plaintiff's claim fails because he cannot establish that his arrest was unlawful. Under the law of the state of South Carolina, false imprisonment consists of depriving a person of his liberty without lawful justification. *Law v. South Carolina Department of Corrections*, 629 S.E.2d 642, 651 (S.C. 2006). To prevail on a claim for false imprisonment, the plaintiff must establish: (1) the defendant restrained the plaintiff, (2) the restraint was intentional, and (3) the restraint was unlawful. *Id*. An action for false imprisonment may not be maintained where the plaintiff was arrested by lawful authority. *Gist v. Berkeley County Sheriff's Dept.*, 521 S.E.2d 163, 165 (S.C. Ct. App. 1999).  The fundamental issue in determining the lawfulness of an arrest is whether there was

probable cause to make the arrest. *Gist*, 521 S.E.2d at 165. Probable cause is defined as a good faith belief that a person is guilty of a crime when this belief rests on such grounds as would induce an ordinarily prudent and cautious man, under the circumstances, to believe likewise. *Jones v. City of Columbia*, 389 S.E.2d 662, 663 (S.C. 1990). Although the question of whether probable cause exists is ordinarily a jury question, it may be decided as a matter of law when the evidence yields but one conclusion. *Law*, 629 S.E.2d at 651.

In this case, the only reasonable conclusion to be drawn from the undisputed facts is that the arresting agents had probable cause to arrest Plaintiff Sumpter, even though Plaintiff Sumpter was not the Michael Sumpter whose activities were described in the arrest warrant affidavit. Probable cause to arrest does not require certainty; "[p]robable cause may be found somewhere between suspicion and sufficient evidence to convict." *Thompson v. Smith*, 345 S.E.2d 500, 502 (S.C. Ct. App. 1986). Probable cause exists when the arresting officer has a good faith belief that the person arrested is guilty of a crime under circumstances that would induce an ordinarily prudent and cautious person to so believe. *Jones*, 389 S.E.2d at 663.

Again, no one disputes whether there was probable cause to arrest the criminal defendant Michael Sumpter. The activities described in the arrest warrant affidavit indisputably establish probable cause to believe that a crime had been committed. The question then becomes whether the arresting agents had a good faith belief that the Plaintiff and criminal defendant Michael Sumpter were one and the same person. Plaintiff points to no facts in the record that suggest that the arresting ATF agents' mistaken belief that Plaintiff Michael Sumpter and criminal defendant Michael Sumpter were one and the same person was not reasonable and not in good faith.

-7-

The restraint was lawful in that it was pursuant to a valid arrest warrant and the arresting agents possessed a good faith belief that Plaintiff was the individual who had committed the crime alleged in the arrest warrant affidavit. *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) (since the sheriff's deputies had obtained a facially valid arrest warrant prior to the plaintiff's arrest, no false arrest of the plaintiff could have occurred).  As discussed above, the arresting agents had reason to believe that they were arresting the Michael Sumpter charged in the criminal complaint. They had been provided an arrest packet which contained a photograph and the identifying information of Plaintiff Michael Sumpter. Plaintiff Michael Sumpter and criminal Defendant Michael Sumpter both resided in Santee, South Carolina, are within four years of the same age, are black males, and have prior felony convictions.  As ATF agents arrested Plaintiff Michael Sumpter based on a valid arrest warrant, and identified Plaintiff using a photograph which had been provided to them by other law enforcement officers, who reasonably believed that the photograph was a photograph of the person named in the warrant, the arresting ATF agents acted reasonably, in good faith, and with probable cause when they arrested the Plaintiff.

In conclusion, because Plaintiff has failed to indicate any facts that create a genuine issue as to whether his restraint was unlawful, any claim for false imprisonment or false arrest advanced by the Plaintiff fails as a matter of law and summary judgment is due to be granted. Similarly, Plaintiff has failed to indicate any facts that create a genuine issue as to whether his arrest was in violation of the Fourth Amendment.  Most importantly, however, Plaintiff has continued to characterize his claim as a constitutional tort against the United States and, as such, Plaintiff's claim against the United States is not cognizable and must be dismissed.

## Conclusion

For the reasons stated above, Defendant United States of America's [Docket Entry #30] motion for summary judgment is **GRANTED**.  This case is hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

Florence, SC                                                        s/ R. Bryan Harwell
December 19, 2008                                          R. Bryan Harwell
                                                                          United States District Judge